UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                 ORDER

CHRISTOPHER POOL,                  17-CR-96-2 (CS)

                       Defendant.
-------------------------------------------------------x

Seibel, J.

        Before the Court is Defendant Christopher Pool's motion for reduction of sentence under

18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 77), and the Government's

opposition thereto, (Doc. 79).[1]

        Defendant was arrested on February 15, 2017 and released on bail on February 17, 2017.

On January 24, 2018, he was sentenced principally to 60 months' imprisonment, (Doc. 37),

which was the mandatory minimum applicable to his case, (Doc. 28 ¶ 70), and remanded.

Defendant has apparently completed the RDAP program and gotten a year off his sentence.

(Doc. 77 at 1.)  He believes that with good time, he will be released to home detention on

October 28, 2020, (*id.*), although the Government believes he will be released to a Residential

Reentry Center ("RRC") on that date, and will complete his sentence on April 25, 2021, (Doc. 79

at 1).

        Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

---

[1]The Government emailed medical records to the Court.  The Government shall send
hard copies of those records to chambers for filing under seal.

be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant has not shown extraordinary and compelling circumstances.  He argues that he has been well behaved in prison, has taken advantage of programming, and fears contracting COVID-19.  The first factor is really no more than is expected of an inmate, and all three factors are not uncommon.  Defendant is young and basically healthy, with no risk factors for a severe case should he develop COVID-19.  Further, Defendant is housed at the satellite camp at USP Lewisburg, which has a low census, and no inmates there are or have been stricken with COVID-19.  Indeed, Defendant may be safer from the virus where he is than he will be at an RRC or at home.  The factors to which Defendant points, whether singly or in combination, do not approach the level of extraordinary or compelling circumstances.  While I sympathize with Defendant's point that he is just about ready for release anyway, and while he is to be commended for his lack of disciplinary tickets and his making such constructive use of his time in prison, I cannot grant compassionate release in the absence of extraordinary and compelling reasons.

2

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 77), and send a copy of this Order to Defendant Christopher Pool, No. 78728-054, USP Lewisburg, U.S. Penitentiary, Satellite Camp, P.O. Box 2000, Lewisburg, PA  17837.

Dated: September 21, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

3